IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SERGIO YANEZ<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>*On Behalf of Himself and*<br>*All Others Similarly Situated*<br><br>PLAINTIFF,<br>v.<br><br>YALCIN, INC.<br>SPRINGFIELD MARBLE & GRANITE<br>6202 Gravel Avenue<br>Alexandria, Virginia 22310<br><br>Serve: Washington Wealth Counsellors, PC<br>1355 Beverly Road, Suite 225<br>McLean, Virginia 22101<br><br>And<br><br>BILGEHAN YALCIN<br>6202 Gravel Avenue<br>Alexandria, Virginia 22310<br><br>DEFENDANTS. | Case No.: 1:16cv645-JCC/JFA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Sergio Yanez (hereinafter, "Plaintiff"), by and through his undersigned counsel, on behalf of himself and all others similarly situated, hereby submits this Class and Collective Action Complaint against Defendants Yalcin, Inc. d/b/a Springfield Marble & Granite ("SMG") and Bilgehan Yalcin ("Yalcin") (together, "Defendants") to recover unpaid wages, liquidated damages, reasonable attorney's fees under the Federal Fair Labor

Standards Act ("FLSA") and for damages arising out of SMG filing false tax information returns under 26 U.S.C. § 7434 (the "Tax Return Claim").

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia. By acting as the named Plaintiff and class representatives in this action, Plaintiff does hereby consent to participate as Plaintiff in a case under the FLSA and as named class representatives in a class action seeking recovery under the Tax Return Claim.

2. The Tax Return Claim Class Members are defined as:

    a. All individuals who performed employment work duties for SMG during the time period 2010 through the present ("the Tax Return Claim Class Period");

    b. who were employees of SMG but were intentionally misclassified by SMG as independent contractors; and

    c. who were issued IRS Information Form 1099s for contractors by SMG during the Tax Return Claim Class Period; and

    d. who should have been issued IRS Information Form W2s for employees by SMG during the Tax Return Claim Class Period.

3. The FLSA Collective Class Members are defined as:

    a. All individuals who performed work duties for Defendants during the time period June 2013 through the present ("the Collective Class Period");

    b. who were paid by Defendants on an hourly basis; and

  c. who in any week during the Collective Class Period worked more than forty (40) hours; and

  d. who were not paid by Defendants at the overtime rate of one-and-one-half times their regular rate of pay for overtime hours worked in excess of forty (40) per week in any week during the Collective Class Period.

 4. Plaintiff is a member of the Tax Return Claim Class and the FLSA Class, does not have any known conflicts with any class member, and does herein assert claims and seek relief under each statute.

 5. SMG is a corporation formed under the laws of the Commonwealth of Virginia with its principal office located in Alexandria, Virginia.

 6. At all times from 2013 through the present, SMG had annual gross revenues exceeding $500,000.00.

 7. At all times from 2013 through the present, SMG performed business in the Commonwealth of Virginia as well as in Maryland and the District of Columbia.

 8. At all times from 2013 through the present, while performing employment work duties for Defendants, Plaintiff and other employees of Defendants handled tools, goods, and products that passed in interstate commerce and performed work duties in the Commonwealth of Virginia as well as Maryland and the District of Columbia.

 9. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

 10. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

11. At all times, Plaintiff and the FLSA Collective were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. At all times, Yalcin, individually, was the primary owner and officer of SMG. In this capacity, Yalcin was individually Plaintiff's most senior supervisor and manager, was in charge of hiring and firing, was in charge of setting Plaintiff's schedule and rate and method of pay, was in charge of all day-to-day operations for SMG, and was in charge of keeping and maintaining all business and employee records for employees of SMG.

13. At all times, both Defendants qualified as Plaintiff's employers under the FLSA.

14. Subject matter jurisdiction is proper in this Court under "Federal Question" jurisdiction because Plaintiff's claims arise under the Federal statutes.

15. Venue is proper pursuant to 28 U.S.C. § 1391.

## CLASS ACTION ALLEGATIONS

16. Plaintiff hereby brings a Class Action Claim on behalf of himself and those similarly situated individuals that meet the Class definition of the Tax Return Claim Class.

17. Relief is available under 26 U.S.C. § 7434 if: (1) SMG issued an information return to a Class Member; (2) the information on the return was false; and (3) SMG knew the information on the return was false.

18. For each year during the six (6) year statutory Tax Return Claim Class Period, SMG intentionally misclassified a large portion (if not all) of its employee workforce as independent contractors to (1) avoid paying FICA and related payroll

4

withholdings so as to increase profits and (2) avoid paying overtime wages as required by the FLSA all so as to gain an unfair competitive pricing advantage against industry competitors.

19. As a consequence of intentionally misclassifying the Tax Return Class Members as independent contractors, SMG issued the Tax Return Class Members IRS Information Return 1099-Miscs (for contractors) rather than the IRS Information Return W-2s with required withholdings (for employees) as explicitly required by Federal law.

20. Each instance in which SMG issued a false information return (a 1099 to a misclassified employee) constitutes a violation of 26 U.S.C. § 7434 for which the Information Tax Return Class Member is entitled to defined statutory damages.

21. The Tax Return Claims arising under this Complaint are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

22. The Tax Return Class size is believed exceed forty (40) current and former misclassified employees of SMG, making joinder of all members impracticable.

23. The named Plaintiff will adequately represent the interests of the Tax Return Class Members because he is similarly situated to the Class Members and his claims are typical of, and concurrent to, the claims of the other Class Members.

24. There are no known conflicts of interest between Plaintiff and the other Class Members.

25. Class counsel, Gregg C. Greenberg and the law firm of Zipin, Amster & Greenberg, LLC are qualified and able to litigate the Class Members' claims.

26. Common questions of law and fact predominate in this action because all of the Tax Return Class Claims implicate the same narrow and specific law and violation thereof.

27. The class action in maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

28. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudication with respect to individual members of the class that would as a practice matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair their ability to protect their interests.

29. Absent this action, Plaintiff and the Tax Return Class Members likely will not obtain redress of their injuries and SMG would retain the proceeds of its violations of Federal law.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff hereby brings a collective action claim on behalf of those similarly situated individuals that meet the Collective Action Class definition of the FLSA Class.

31. The FLSA claims arising under this Complaint are properly maintainable as a collective action under Section 216(b) of the FLSA.

32. The class size is believed exceed forty (40) current and former employees of Defendants, making joinder of all members impracticable.

33. Plaintiff will adequately represent the interests of the FLSA class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of the other class members.

34. There are no known conflicts of interest between Plaintiff and the other FLSA class members.

35. Class counsel, Gregg C. Greenberg and the law firm of Zipin, Amster & Greenberg, LLC are qualified and able to litigate the FLSA class members' claims.

36. Common questions of law and fact predominate in this action because all of the FLSA class' claims all arise of out Defendants' common and class-wide policy of (1) misclassifying employees as independent contractors; (2) paying misclassified workers on an hourly basis; (3) suffering or permitting the misclassified workers to work more than forty (40) hours per week; and (4) failing to pay wages to the misclassified workers at the required FLSA time-and-one-half overtime rate.

## FACTS

37. Plaintiff was employed by Defendants to perform cutting, installation, and related laborer job duties for the time period of about 2002 through about February 2016 (pursuant to a tolling agreement between the parties, Plaintiff may recover unpaid wages for a possible statutory period of April 15, 2013 through February 2016).

38. At all times, Defendants set Plaintiff's job duties and scheduled and enforced rules, regulations, and procedures such that at all time Plaintiff was an employee and was never an independent contractor.

39. While employed, Plaintiff's exact schedule varied slightly from week to week.

7

40. On average, Plaintiff worked at or about fifty-eight (58) hours per week.

41. For all hours Plaintiff worked each week, Defendants paid Plaintiff at his regular hourly rate (most recently $25.00 per hour) and never paid him at the rate of one-and-one-half times (1½ x) his regular hourly rate for overtime hours in excess of forty (40) per week as required by the FLSA.

42. Defendants now owe Plaintiff unpaid overtime wages in the approximate amount of $33,750.00 calculated as follows:

| Total Weeks in Statutory Recovery Period | Regular Hourly Rate | Hours Per Week | Overtime Hours Per Week | "Half Time" Premium Owed Per Overitme Hour Worked | Overtime Wages Owed Per Week | Overtime Wages Owed for Statutory Recovery Period |
|---|---|---|---|---|---|---|
| 150 | $25.00 | 58 | 18 | $12.50 | $225.00 | $33,750.00 |

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF FLSA

43. Plaintiff re-allege and reasserts each and every allegation set forth herein, as if each were set forth herein.

44. At all times, Defendants intentionally and knowingly misclassified Plaintiff and the FLSA Class Members as independent contractors and to avoid paying FICA and related Federal and Virginia taxes and avoid paying overtime wages as required by the FLSA so as to gain an unfair competitive advantage against industry competitors that comply with Federal law.

45. While employed, Plaintiff and the FLSA Collective Class Members regularly and customarily worked more than forty (40) hours per week.

46. At all times, Defendants had actual knowledge of all hours Plaintiff and the Collective Class Members worked each week and suffered or permitted Plaintiff and the Collective Class Members to work more than forty (40) hours per week.

47. Defendants have failed to compensate Plaintiff and the FLSA Collective Class Members properly and as required by the FLSA for numerous hours worked.

48. Defendants failure to pay Plaintiff and the FLSA Collective Class Members wages as required by the FLSA was knowing, willful, intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and the FLSA Collective Class Members under Count I for unpaid FLSA overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
## TAX RETURN CLAIM

49. Plaintiff re-allege and reasserts each and every allegation set forth herein, as if each were set forth herein.

50. Relief is available under 26 U.S.C. § 7434 if: (1) SMG issued an information return to a Class Member; (2) the information on the return was false; and (3) SMG knew the information on the return was false.

51. For each year during the six (6) year statutory Tax Return Claim Class Period, SMG intentionally misclassified Plaintiff as well as a large portion (if not all) of its employee workforce as independent contractors to (1) avoid paying FICA and related payroll withholdings and (2) avoid paying overtime wages as required by the FLSA all so to shift the employer share of the tax and payroll related obligations to Plaintiff and the

Tax Return Claim Class and increase profits for SMG's ownership and gain an unfair competitive pricing advantage against industry competitors.

52. At all times during the Tax Return Claim Class Period, SMG had actual knowledge that Plaintiff and the Tax Return Claim Class Members were employees of SMG and were never independent contractors.

53. As a consequence of intentionally misclassifying Plaintiff and the Tax Return Class Members as independent contractors, SMG issued Plaintiff and the Tax Return Class Members IRS Information Return 1099-Miscs (for contractors) rather than the IRS Information Return W-2s with required withholdings (for employees) as explicitly required by Federal law.

54. At all times, each time SMG issued Plaintiff and/or a Tax Return Class Member a 1099-Misc Tax Information Form (for contractors), SMG had actual knowledge that the issued Tax Information Return form was false and incorrect and SMG had actual knowledge that it should have issued Plaintiff and each of the Tax Return Class Members an IRS Information W-2 with required withholdings (for employees) as explicitly required by Federal law.

55. Each instance in which SMG issued a false information return (a 1099 to a misclassified employee) constitutes a violation of 26 U.S.C. § 7434 for which the Plaintiff and each Information Tax Return Class Member was damages and is entitled to defined statutory damages.

WHEREFORE, SMG is liable to Plaintiff and each Tax Return Claim Class Member under Count II in the amount of the higher of his or her actual damages or statutory damages in the amount of $5,000.00 for each fraudulent information return, plus reasonable

attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*